IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANZO BUTLER,

                          Plaintiff,                              ORDER

    v.
                                                                 17-cv-138-jdp
OFFICER TOSE,

                          Defendant.

---

Pro se prisoner Terranzo Butler is proceeding on a claim that defendant Tose used excessive force against him while he was a juvenile detainee at the Lincoln Hills School for Boys. (Tose is now an adult and confined at the Columbia Correctional Institution.) A motion titled "Defendant's motion for summary judgment" is now before the court, Dkt. 14, but the motion is a bit of a headscratcher. Counsel for "defendant" say in their brief that the court should dismiss the claim against Tose because "there is no record of an 'Officer Tose' (or Officer Taze, Tase, etc.) ever being an employee of Lincoln Hills School." Dkt. 21, at 1. Alternatively, counsel for "defendant" say that no employee used excessive force against Butler while he was detained at the school. Butler did not respond to the motion.

The motion raises an obvious question. If Office Tose does not exist, who is counsel representing? Generally, in cases like this one involving pro se prisoners suing employees of the Wisconsin Department of Correction, service of the complaint is accomplished through an informal agreement with the Wisconsin Department of Justice. Dkt. 7, at 4. In accordance with that agreement, this court forwarded the complaint in this case to the Attorney General for service on defendant Tose. Shortly after the court issued that order, counsel filed an answer on Tose's behalf without raising any objections related to service or personal jurisdiction. Dkt. 11.

Now, for the first time, counsel say that staff have conducted "a diligent search of relevant records," but there is no record of anyone being employed at the school by the name of Tose, Tase, Taze, or "any similar variation." Dkt. 18, ¶¶ 4-8.

Missing from counsel's brief is any explanation as to why they filed an answer on behalf of a person they say does not exist or under what authority they had to do so. By counsel's own assertion, they do not have a client and no defendant has been served with the complaint. It follows that counsel had no authority to file a motion for summary judgment in this case. For this reason, I will deny the motion.

The question is what to do next. As noted above, Butler did not respond to counsel's motion, though his deadline for doing so was April 2. It would be pointless to allow Butler to amend his complaint or conduct discovery to determine the identity of an appropriate defendant if he no longer wishes to prosecute this lawsuit. Accordingly, I will give Butler an opportunity to inform the court whether he wants to proceed. If he does not respond, I will dismiss the case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. If he does respond, I will consider the next steps for determining whether Butler can identify an appropriate defendant.

ORDER

IT IS ORDERED that:

1. "Defendant's" motion for summary judgment, Dkt. 14, is DENIED.

2. Plaintiff Terranzo Butler may have until May 14, 2018, to inform the court whether he wishes to continue with this case. If he does not respond by that date, I will dismiss the case for failure to prosecute.

Entered April 24, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge